REAVLEY, Circuit Judge,
concurring:
Toma Steel had sold more than a million feet of pipe to TransAmerican during the Chapter 11 reorganization. The pipe was used in the completion and operation of over 50 TransAmerican wells. It is uncon-troverted that the sale of pipe was beneficial and necessary to the operations of TransAmerican and to the preservation of the debtor estate, and the bankruptcy judge so found. In 1986 TransAmerican ceased payment of Toma Steel invoices; the explanation was given at á later time that there were questions about the quality of the pipe. Toma Steel continued the sales and, in 1987, sought administrative expense allowance and payment for 315,000 feet of pipe.
TransAmerican objected to the allowance of the administrative expense, not because the pipe for which those sales were made— or any portion of those sales — was defective, but solely on the ground that Trans-American had a damage claim against Toma Steel that was greater than the price of the subject 315,000 feet of pipe.
The bankruptcy court could have put this entire controversy into an adversary proceeding or applied the adversary rules in the pending proceeding. However, the court was not required to do that, and under the pressure of its oppressive docket, chose not to do so. It clearly excluded any consideration of the TransAmerican damages claim in allowing the administrative expense after a hearing pursuant to 11 U.S.C. § 503(b). See D-1 Enterprises Inc. v. Commercial State Bank, 864 F.2d 36, 39 (5th Cir.1989). However, when immediate payment was ordered, the bankruptcy court protected TransAmerican by the escrow and by assuring that insurance covered its damages claims.
I concur in this court’s holding that the bankruptcy court committed no error and that the district court erred in remanding for further findings. I - emphasize that TransAmerican’s defense was not that a certain portion of the pipe, for which Toma Steel sought allowance and payment, was defective. The counterclaim or defense *1422 was based upon a wholly separate damages claim.